# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 2nd day of September, 2021.*

Present: All the Justices

William C. Gregory,                                                                                              Appellant,

  against          Record No. 201307
                   Circuit Court No. 20-2441

Ralph S. Northam, in his Official Capacity
as Governor of Virginia, et al.,                                                                        Appellees.

                                               Upon an appeal from a judgment
rendered by the Circuit Court of the City of
Richmond.

In this case, we awarded William C. Gregory (Gregory) an appeal from a judgment of the Circuit Court of the City of Richmond. In that judgment, the circuit court ruled that Gregory had not articulated a legally viable cause of action in the complaint he filed seeking declaratory and injunctive relief concerning the governor's order to the Department of General Services to remove the Robert E. Lee Monument in Richmond, Virginia (Lee Monument) from property owned by the Commonwealth of Virginia. Upon consideration of the record, briefs, and argument of counsel, for the reasons set forth below, the Court is of opinion that there is no reversible error in the judgment.

In the relevant complaint before the circuit court, Gregory elaborates upon his lineage and asserts that pursuant to the wills of Bettie F. Allen Gregory and Roger Gregory, and pursuant to the wills of their heirs, he has inherited the rights of the "covenantees" of deeds signed by Bettie and Roger Gregory in 1887 and 1890 (respectively, the 1887 Deed and the 1890 Deed), which conveyed ownership of the Lee Monument and the circular parcel of land where it was erected to the Commonwealth of Virginia. Gregory emphasizes a particular provision (the provision) in the 1890 Deed, which states that:

The State of Virginia, party of the third part acting by and through the Governor of the Commonwealth and pursuant to the terms and provisions of the Special Statute herein before mentioned executes this instrument in token of her acceptance of the gift and of her guarantee that she will hold said Statue and pedestal and Circle of ground perpetually sacred to the Monumental purpose to which they have been devoted and that she will faithfully guard it and affectionately protect it.

Gregory asserts that, as an heir of Bettie and Roger Gregory, he has a legal right, based upon the language in this provision of the 1890 Deed, to compel the Commonwealth to keep the Lee Monument where it currently sits. He also claims that removal of the Lee Monument from its current location would result in irreparable harm to him. As evidence of his claim of irreparable harm, he describes his familial pride in the Lee Monument, which sits on property previously owned by his ancestors.

Governor Ralph S. Northam (Governor Northam) and Joseph F. Damico, Director of the Virginia Department of General Services (Director Damico), were named as defendants in Gregory's complaint. They filed a demurrer in response. In the demurrer, they assert that Gregory held no enforceable property right that would entitle him to the relief he sought. Specifically, Governor Northam and Director Damico explain that because Gregory did not claim current title to any property neighboring the Lee Monument, the property interest he claims, as authority for his right to prevent the Commonwealth from moving its monument, would have to be based upon him being a beneficiary of an easement in gross. They contend that the language in the 1890 Deed to the Commonwealth did not create an easement in gross, and therefore Gregory's claim should fail as a matter of law. Governor Northam and Director Damico further assert that even if the 1890 Deed created an easement in gross, Gregory would not have inherited that interest. Additionally, they aver that in any event a perpetual restriction on the Commonwealth's use of land, which it owns, would be unenforceable.

The circuit court, after considering the deeds and the ownership of land surrounding the monument, concluded that the parties to the 1887 Deed and the 1890 Deed intended to create an easement appurtenant, not an easement in gross. Consequently, the circuit court held that Gregory failed to state a claim that he possessed the legal right to prohibit the Commonwealth from moving its monument from its property. The circuit court sustained the demurrer and dismissed Gregory's claims, with prejudice.

"[A]n easement in gross, sometimes called a personal easement, is an easement which is not appurtenant to any estate in land, but in which the servitude is imposed upon land with the benefit thereof running to an individual." *United States v. Blackman*, 270 Va. 68, 77 (2005). On the other hand, "an easement appurtenant 'runs with the land,' which is to say that the benefit conveyed by or the duty owed under the easement passes with the ownership of the land to which it is appurtenant." *Id*.

Gregory alleges that the Commonwealth, and therefore Governor Northam and Director Damico, have legal and contractual obligations to him personally because of the provision in the 1890 Deed. Specifically, he claims that as a descendant of the signatories to the 1887 Deed and the 1890 Deed, he has a claim of action against Governor Northam and Director Damico because of his alleged right to ensure the Commonwealth fulfills its duty to hold the Lee Monument "perpetually sacred," pursuant to the terms of the 1890 Deed to the Commonwealth. The property right Gregory attempts to assert can only be understood to be an easement in gross.

Notably, a court will never presume that an easement is an easement in gross; it must plainly appear from the granting instrument or deed that the parties intended to create an easement in gross. *Prospect Dev. Co., Inc. v. Bershader*, 258 Va. 75, 90 (1999). As we have explained, "[i]t is the intent of the parties, . . . as gathered from the language of the easement itself, considered in the light of the surrounding circumstances, . . . that controls a determination as to whether an easement is appurtenant or gross." *Lester Coal Corp. v. Lester*, 203 Va. 93, 98 (1961) (citing *Hardy v. McCullough*, 64 Va. (23 Gratt.) 251, 260 (1873) and *Stephen Putney Co. v. R.F. & P.R. Co.*, 116 Va. 211, 217 (1914)). Nevertheless, "if the language used attempts to create a right which may violate an established rule of property law, or purports to grant something which, in law, may not be granted, then effect cannot be given to the language, plain though it may be." *Id.* (citing *Tardy v. Creasy*, 81 Va. 553, 562 (1886)).

The granting instruments relied upon by Gregory, the 1887 Deed and the 1890 Deed, do not plainly state an intent to create an easement in gross, and the circuit court did not err in concluding that they do not do so. *Cf. Blackman*, 270 Va. at 73-74 (construing deed language stating that "the [g]rantors . . . do hereby grant and convey to the [g]rantee . . . an easement in gross restricting in perpetuity, in the manner hereinafter set forth, the use of the following described tracts of land, together with the improvements erected thereon" as creating an

easement in gross). For purposes of argument, we assume that at most, the parties to the 1887 Deed and 1890 Deed intended to create an easement appurtenant.

Not only did Gregory not claim an easement appurtenant, the facts in the record do not support a finding that Gregory has any ownership interest in any land to which any benefit conveyed by the deeds would be appurtenant. Thus, Gregory has no property right, related to the Lee Monument, to enforce against the Commonwealth. As a result, the circuit court correctly found that Gregory failed to articulate a legally viable cause of action against Governor Northam and Director Damico, and it did not err in granting their demurrer and dismissing Gregory's claim with prejudice.[*]

Accordingly, we affirm the judgment of the Circuit Court of the City of Richmond and any requests made for injunctive relief are hereby denied.

This order shall be published in the Virginia Reports and certified to the Circuit Court of the City of Richmond.

A Copy,

Teste:

*[signature]*

Acting Clerk

---

[*] Further, in *Taylor v. Northam*, 300 Va. ___ (2021) (this day decided), this Court ruled that any property interest that may have been created by the 1887 Deed or the provision in the 1890 Deed would be unenforceable against the Commonwealth.

4